[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12135

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HAO KUO CHI,
a.k.a. David Chi,
a.k.a. icloudripper4you,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

2                    Opinion of the Court                    22-12135

D.C. Docket No. 8:21-cr-00270-KKM-TGW-1

———————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Hao Kuo Chi appeals his 108-month total sentence for his convictions for conspiracy to commit unauthorized access to a protected computer and computer fraud. He argues that U.S.S.G. § 2B1.1, cmt. (n.3(F)(i)) is unconstitutionally vague because it allows a district court to enhance a sentence without requiring the government prove each instance of loss amounted to $500.

The government, however, has moved to dismiss Chi's appeal, arguing that his arguments are within the scope the sentence appeal waiver contained in his plea agreement and thus barred. He responds that his challenge is a due-process challenge that is outside the scope of his waiver.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Issues not raised in an initial brief on appeal are generally forfeited, or deemed abandoned. *See United States v. Campbell*, 26 F.4th 860, 871, 873 (11th Cir.), *cert. denied*, 143 S. Ct. 95 (2022). Specifically, any "issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue . . . will be considered abandoned." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (internal quotation marks omitted).

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.*

"Plea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396 F.3d 1330, 1334 (11th Cir. 2005). Absent some indication that the parties intended otherwise, the language of the agreement should be given its ordinary and natural meaning. *Id.* at 1334-35. Further, "a valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope." *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014).

"An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Further, even "a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver." *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

Nevertheless, "an appeal waiver . . . which is part of a guilty plea is unenforceable if the plea itself is involuntary or

unintelligent." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015).

Moreover, even an effective waiver is not an absolute bar to appellate review. *Johnson*, 541 F.3d at 1068.  For example, we have indicated that certain issues may be exempt from the scope of a valid appeal waiver, such as a defendant's "right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," or where "the sentence imposed is not in accordance with the negotiated agreement." *Bushert*, 997 F.2d at 1350 n.18 (quotation marks omitted).  We have also suggested that extreme circumstances, "for instance, if the district court had sentenced [the defendant] to a public flogging," may implicate due process and require that the defendant be allowed to appeal notwithstanding a valid appeal waiver. *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999).  However, both we and the Supreme Court have held that the advisory guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 897 (2017) (28 U.S.C. § 2255 case); *United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).

Here, we conclude that Chi's appeal is precluded by his appeal waiver because he made the waiver knowingly and voluntarily, and it waived his right to a direct appeal of his sentences on any ground, absent certain exceptions.  Chi does not assert that any "extreme circumstances" preclude enforcement of his sentence appeal waiver, that an impermissible criterion such as race played a role in

his sentencing, or that his total sentence was outside of a negotiated agreement, such challenges are forfeited as well. *Campbell*, 26 F.4th at 871, 873.

Even if Chi did challenge his plea, the record shows that he made his waiver knowingly and voluntarily. The district court specifically questioned him about the rights he was giving up and whether he was doing so freely and voluntarily. *See Grinard-Henry*, 399 F.3d at 1296.

Further none of the exceptions to the waiver apply. He does not qualify for statutory-maximum exception to his waiver because, although his total sentence was for 108 months' imprisonment, the sentences for Counts 1-3 were for 60 months and Count 4 was for 48 months, which was at or below the statutory maximum under 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(ii), as set out by the PSI. (PSI ¶ 73; doc. 46 at 54-55). Although he claims that "his argument is fundamentally based on the fact that the district court's sentence significantly exceeded the [g]uidelines range," his total sentence of 108 months' imprisonment was within the guideline range of 87 to 108 months.

Chi's due-process argument is also covered by his appeal waiver. Although he maintains that his argument "challenges the application of unconstitutional commentary to the [g]uidelines, not the [g]uidelines themselves and not the guidelines calculation," he is effectively challenging the effect that § 2B1.1, cmt. (n.3(F)(i)) had on the guidelines calculation because the only effect such an application would have is on the enhancement that the

commentary applies to. Such a challenge to a guideline calculation cannot amount to a due-process challenge. *Beckles*, 137 S. Ct. at 897; *Matchett*, 802 F.3d at 1194. Therefore, because such a challenge implicates his guideline calculations, it is covered by his appeal waiver.

Finally, even if Chi's argument did not implicate his guideline calculations, he does not provide any case from where this Court or the Supreme Court has held that a guideline commentary provision violated due process. His argument also does not rise to the level of public flogging as necessary for a due-process challenge to be outside the scope of his appeal waiver. *See Bushert*, 997 F.2d at 1350 n.18; *Howle*, 166 F.3d at 1169 n.5.

Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**